McDonald Hopkins
A business advisory and advocacy law firm®

McDonald Hopkins PLC
39533 Woodward Avenue
Suite 318
Bloomfield Hills, MI 48304

P 1.248.646.5070
F 1.248.646.5075

**R. David Lane, Esq.**
Direct Dial: 248.402.4072
E-mail: dlane@mcdonaldhopkins.com

Defendants' request at Dkt. No. 36 is **GRANTED**.

The Court will address the identifed discovery disputes at the conference already scheduled for **August 27, 2026 at 10:00 a.m. ET** on the Court's conference line. (Dkt. No. 34). Counsel are directed to call 1-855-244-8681; access code: 2308 226 4654 at the scheduled time.

The Clerk of Court is respectfully directed to close Dkt. No. 36.

SO ORDERED. August 17, 2026

SARAH L. CAVE
United States Magistrate Judge

August 10, 2026

**VIA ECF**
The Honorable Sarah L. Cave
United States District Court
Southern District of New York
United States Courtroom 18A
500 Pearl St.
New York, NY 10007-1312

**Re: *Sarbamangal Choudhury v. ADP, Inc., et al.*, Case No. 1:25-cv-10529**

Dear Magistrate Judge Cave:

We represent defendants ADP, Inc. and ADP Technology Services, Inc. (collectively, the "Entity Defendants") as well as Vittal Nimmala and Ajay Shirke (collectively, the "Individual Defendants") (the Entity Defendants and Individual Defendants are together, the "Defendants") in the above-referenced matter pending before this Court. Pursuant to Section II(C) of Your Honor's Individual Practices and Local Civil Rule 37.2, the Entity Defendants submit this letter request for a pre-motion conference regarding the Entity Defendants' anticipated motion to compel Plaintiff Sarbamangal Choudhury's ("Plaintiff") initial disclosures and discovery responses.

***Factual Background.*** This action arises from Plaintiff's claims of employment discrimination against Defendants. The Court entered a case Management Plan on May 26, 2026 (ECF 35), which established discovery deadlines governing the parties' obligations in this matter.

***Plaintiff's Failure to Provide Initial Disclosures.*** Pursuant to the Case Management Plan, the parties were required to exchange initial disclosures by May 29, 2026. Defendants timely served their initial disclosures on May 28, 2026. To date, Plaintiff has failed to provide his initial disclosures despite being more than two months past the Court-ordered deadline. Defense counsel inquired about the status of Plaintiff's initial disclosures on June 23, 2026 and again on June 29, 2026. Despite these inquiries, Plaintiff has not produced his initial disclosures.

***Plaintiff's Failure to Respond to Discovery Requests.*** The Case Management Plan required the parties to exchange discovery requests by June 30, 2026. Defendants timely served their discovery requests on June 30, 2026. Plaintiff has not served any discovery requests upon any of the Defendants. Plaintiff's responses to Defendants' discovery requests were due on July 30, 2026. To date, Plaintiff has failed to provide any responses to Defendants' discovery requests or otherwise contact Defense counsel regarding Plaintiffs' responses.

***Meet-and-Confer Efforts.*** Defense counsel has made multiple good-faith efforts (both via email and telephone) to resolve this discovery dispute without court intervention, as required by Fed. R. Civ. P. 37(a)(1). On June 23, 2026, defense counsel inquired about the status of Plaintiff's initial disclosures. On June 29, 2026, defense counsel again inquired about Plaintiff's initial disclosures. On July 31, 2026, defense counsel sent a detailed email to Plaintiff's counsel identifying all outstanding discovery deficiencies and requesting that Plaintiff provide his initial disclosures and discovery responses by August 7, 2026. That email warned that Defendants would seek court involvement if the deficiencies were not cured. On August 10, 2026, defense counsel yet again attempted to contact Plaintiff's counsel via telephone to no avail. To date, Plaintiff has failed to cure his discovery deficiencies or otherwise respond to Defense counsel despite these meet-and-confer efforts.

***Relief Sought.*** Given Plaintiff's continued failure to comply with his discovery obligations despite multiple requests and Court-ordered deadlines, Defendants respectfully request that the Court schedule an informal conference to address this discovery dispute. If the dispute is not resolved through the informal conference process, Defendants anticipate filing a motion to compel Plaintiff to: (1) produce his initial disclosures required under Fed. R. Civ. P. 26(a)(1); and (2) respond to Defendants' discovery requests. Defendants further anticipate seeking an award of reasonable attorneys' fees and costs incurred in connection with this motion pursuant to Fed. R. Civ. P. 37(a)(5).

Thank you for your time and consideration of this request. We will await further word from the Court.

Very truly yours,

R. David Lane, Esq.

cc: Mark Dumas, Esq. (via ECF and Email)
David Schelberg, Esq. (via Email) (admitted *pro hac vice*)
Julia Ross, Esq. (via Email) (admitted *pro hac vice*)